1  Michele R. Stafford, Esq. (SBN 172509)
   Erica J. Russell, Esq. (SBN 274494)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  erussell@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  RUSSELL E. BURNS, et al.,                 Case No.:  C13-5132 MMC

11          Plaintiffs,

12      v.                                    **JUDGMENT PURSUANT TO
                                              AMENDED STIPULATION**
13  AUGUST CONSTRUCTION & SHORING, INC., a
    California Corporation, AGUST AGUSTSSON, an
14  individual,

15          Defendants.

16

17      IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the

18  parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs RUSSELL

19  E. BURNS, et al. ("Plaintiffs" or "Trust Funds") and against Defendants AUGUST

20  CONSTRUCTION & SHORING, INC., a California Corporation, AGUST AGUSTSSON, an

21  individual (collectively referred to hereinafter as "Defendants"), and/or alter egos and/or successor

22  entities, as follows:

23      1.    Defendants entered into the Independent Northern California Construction

24  Agreement ("Independent Agreement") with the Operating Engineers Local Union No. 3 of the

25  International Union of Operating Engineers, AFL-CIO ("Union"), which incorporates the Master

26  Agreement between the Union and the Associated General Contractors of California ("Master

27  Agreement").  The Independent Agreement and Master Agreement are collectively referred to

28  hereinafter as the "Bargaining Agreements."  The Bargaining Agreements are still in full force and

-1-
**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-5132 MMC**
C:\Users\mmclc1\AppData\Local\Temp\notes1A03DD\Amended Judgment Pursuant to Stipulation 4-8-14.doc

1  effect.

2      2.      Agust Agustsson in his capacity as RMO/CEO/President of Defendant August

3  Construction & Shoring, Inc. hereby confirms that he is authorized to enter into this Stipulation on

4  behalf of all Defendants and further confirms that all successors in interest, assignees, and

5  affiliated entities (including, but not limited to parent or other controlling companies), and any

6  companies with which Defendants join or merge, if any, shall also be bound by the terms of this

7  Stipulation as Guarantors. This shall include any additional entities in which Agust Agustsson is

8  an officer, owner or possesses any ownership interest. Defendants and all such entities shall

9  specifically consent to the Court's jurisdiction in writing at the time of any assignment, affiliation

10  or purchase, as well as to all other terms herein.

11      3.      Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| 4/13 Contributions (Paid-Late $3,974.89) | $0.00 | | |
| 10% Interest (Paid $217.98) | $0.00 | | |
| 20% Liquidated Damages Balance | $375.13 | | |
| | | $375.13 | |
| 5/13 Contributions (Paid-Late $1,097.86) | $0.00 | | |
| 10% Interest (Paid $52.76) | $0.00 | | |
| 20% Liquidated Damages | $189.76 | | |
| | | $189.76 | |
| **Subtotal Due:** | | | **$564.89** |
| Attorneys' Fees (through 3/27/14) | | | $4,183.00 |
| Costs (through 3/27/14) | | | $922.69 |
| **TOTAL DUE:** | | | **$5,670.58** |

12-18 (table rows)

19      4.      Defendants shall *conditionally* pay the amount of **$5,105.69,** representing all of the

20  above amounts, less liquidated damages in the amount of **$564.89**.  *This conditional waiver is*

21  *expressly conditioned upon Trustee approval following timely compliance with all of the terms of*

22  *this Stipulation,* as follows:

23      (a)      Beginning on **April 10, 2014**, and on or before the 10th day of each month

24  thereafter for a period of five (5) months, through and including August 10, 2014, Defendants

25  shall pay to Plaintiffs the amount of **$1,047.00** per month;

26      (b)      Payments may be made by joint check, to be endorsed by Defendants prior

27  to submission.  Defendants shall have the right to increase the monthly payments at any time and

28

1   there is no penalty for prepayment;

2       (c)   The unpaid balance shall bear interest from April 10, 2014, at the rate of

3   10% per annum in accordance with the Bargaining Agreements and Plaintiffs' Trust Agreements;

4       (d)   Checks shall be made payable to the ***Operating Engineers Trust Funds***,

5   and delivered on or before each due date to <u>Erica J. Russell, Esq. at Saltzman & Johnson Law</u>

6   <u>Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other

7   address as may be specified by Plaintiffs;

8       (e)   At the time that Defendants make their fourth (4th) stipulated payment,

9   Defendants may submit a written request for waiver of liquidated damages directed to the Board

10  of Trustees, but sent to Saltzman and Johnson Law Corporation with their fourth (4th) payment.

11  Defendants will be advised as to whether or not the waiver has been granted prior to the final

12  payment hereunder.  Such waiver will not be considered until and unless all other amounts are

13  paid in full and Defendants' account is otherwise current;

14      (f)   Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

15  Defendants in writing, by email to <u>agust@geosupport.com</u> and <u>jim@geosupport.com</u> and by

16  regular mail, as to the final amount due, including interest and all additional attorneys' fees and

17  costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed

18  to Plaintiffs under this Stipulation.  Defendants shall pay all additional attorneys' fees and costs

19  regardless of whether or not Defendants default herein.  Any additional amounts due pursuant to

20  the provisions hereunder shall also be paid in full with the August 10, 2014 stipulated payment;

21  and

22      (g)   Failure to comply with any of the above terms shall constitute a default of

23  the obligations under this Stipulation and the provisions of ¶ 10 shall apply.

24      5.   In the event that any check is not timely submitted or fails to clear the bank, or is

25  unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be

26  considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written

27  demand to Defendants by email to <u>agust@geosupport.com</u> and <u>jim@geosupport.com</u> and by

28  regular mail to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***.  If

-3-
**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-5132 MMC**

1  caused by a failed check, default will only be cured by the issuance of a replacement *cashier's*

2  *check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period.

3  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such*

4  *future payments shall be made by cashier's check* at Plaintiffs' request.  In the event default is not

5  cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6        6.     Beginning with contributions due for hours worked by Defendants' employees

7  during the month of **March 2014**, due on April 15, 2014 and delinquent if not received by the

8  Trust Funds on April 25, 2014, and for every month thereafter until this Judgment is satisfied,

9  **Defendants shall remain current in contributions** due to Plaintiffs under the current Collective

10  Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

11  the Declarations of Trust as amended.

12        Defendants shall fax or email a copy of their contribution report for each month, together

13  with a copy of that payment check, to *Erica J. Russell and Alicia Rutkowski at 415-882-9287* or to

14  erussell@sjlawcorp.com and arutkowski@sjlawcorp.com, prior to sending the payment to the

15  Trust Fund office.

16        Failure to comply with these terms shall constitute a default of the obligations under this

17  Agreement and the provisions of ¶ 10 shall apply.

18        7.     Defendants shall make full disclosure of all jobs on which they are working by

19  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

20  name and address of the job, the start and completion dates, the identity of General

21  Contractor/Owner/Developer, and by providing certified payroll if it is a public works job.

22  **Defendants shall submit said updated list on or before the last day of the month either by**

23  **email to both erussell@sjlawcorp.com and arutkowski@sjlawcorp.com, or by facsimile to**

24  **Erica J. Russell and Alicia Rutkowski at 415-882-9287.** This requirement remains in full force

25  and effect regardless of whether or not Defendants have ongoing work. In this event, Defendants

26  shall submit a statement stating that there are no current jobs. A blank job report form is attached

27  hereto for Defendants' use, as *Exhibit A*.  **To the extent that Defendants are working on a**

28  **Public Works job, or any other job for which Certified Payroll Reports are required, copies**

1    of said reports *will be faxed or emailed to Erica J. Russell and Alicia Rutkowski at 415-882-*

2    *9287 or* erussell@sjlawcorp.com *and* arutkowski@sjlawcorp.com **concurrently with their**

3    **submission to the general contractor, owner, or other reporting agency at Plaintiffs' request.**

4    Failure by Defendants to timely submit updated job lists shall constitute a default of the

5    obligations under this agreement, which Defendants shall be permitted to cure within seven (7)

6    days' written notice from Plaintiffs to Defendants.

7        8.    **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in

8    order to confirm proper reporting and payment of contributions pursuant to the Bargaining

9    Agreements, any failure by Defendants to comply with said request shall constitute a default of the

10   obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt

11   of written notice from Plaintiffs.

12        (a)    In the event that amounts are found due on audit, Plaintiffs shall send a

13   written demand to Defendants by email to agust@geosupport.com and jim@geosupport.com and

14   by regular mail for payment in full of the amounts found due in the audit, including a full copy of

15   the audit report and any findings, including contributions, liquidated damages, interest and audit

16   fees owed.

17        (b)    Defendants will be provided with ten (10) days in which to review the audit,

18   and provide evidence to contest the findings.  In the event that Defendants do not agree with the

19   total found due, Plaintiffs shall provide any additional information or clarification requested by

20   Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably

21   possible, and Defendants' time to respond to the audit report or comply with payment

22   requirements shall then run from the time that Defendants receive Plaintiffs' response.  Once the

23   ten (10) day review period expires, in the event that the audit is not contested, payment in full

24   shall be delivered to Erica J. Russell at the address provided above.

25        (c)    If the audit is contested, and Defendants provide documentation in support

26   of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If

27   revisions are not made, payment will be immediately due.

28        (d)    If revisions are made to said audit as a result of the dispute, payment in full

1   of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised

2   billing.

3          (e)     If Defendants are unable to make payment in full, Defendants may submit a

4   written request to revise this Judgment, modifying the payment plan (by monthly amount and/or

5   payment term), to add the amounts found due in the audit to this Judgment, subject to the terms

6   herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or

7   Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

8   Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

9   default of the terms herein.

10          (f)     Failure by Defendants to submit either payment in full or a request to add

11   the amounts due to this Judgment within ten (10) days of the date due per the terms written above

12   shall constitute a default of the obligations under this agreement.  All amounts found due on audit

13   shall immediately become part of this Judgment.

14          9.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the

15   obligations under this Stipulation and the provisions of ¶ 10 shall apply.  Any unpaid or late-paid

16   contributions, together with 20% liquidated damages and 10% per annum interest accrued on the

17   contributions shall be added to and become a part of this Judgment and subject to the terms herein.

18   Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations

19   of Trust of the Trust Funds for collection of current and future contributions, and for any

20   additional past contributions not included herein as may be determined by Plaintiffs, pursuant to

21   employee timecards or paystubs, by further audit, or other means, and the provisions of this

22   agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine *res*

23   *judicata* as to any such additional amounts determined as due**.**

24          10.     In the event that Defendants fail to make any payment required under ¶ 4 above, or

25   otherwise default on their obligations as detailed in this Stipulation, and such default is not timely

26   cured, the following will occur:

27          (a)     The entire balance of **$5,670.58**, as specified in ¶ 3 above, plus interest, but

28   reduced by principal payments received from Defendants, in addition to any unpaid contributions

1   then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid

2   contributions, shall be immediately due and payable, together with any attorneys' fees and costs

3   incurred during the term of this Stipulation;

4          (b)     A Writ of Execution may be obtained against Defendants without further

5   notice to Defendants, in the amount of the unpaid balance plus any additional amounts due under

6   the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly

7   authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf

8   of Defendants and the balance due and owing as of the date of default;

9          (c)     Defendants waive any notice of Entry of Judgment or of any Request for a

10  Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.

11  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due

12  and owing as of the date of default shall be sufficient to secure the issuance of a Writ of

13  Execution, without notice to Defendants; and

14         (d)     Defendants shall pay all additional attorneys' fees and costs incurred by

15  Plaintiffs in connection with the collection and allocation of the amounts owed by Defendants to

16  Plaintiffs under this Stipulation, whether or not a default occurs herein.

17      11.     Any failure on the part of Plaintiffs to take any action against Defendants as

18  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

19  a waiver of any subsequent breach by Defendants of any provisions herein.

20      12.     The parties agree that any payments made pursuant to the terms of this Judgment

21  shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

22  Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section

23  547 or otherwise.

24      13.     Should any provision of this Stipulation be declared or determined by any court of

25  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

26  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

27  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

28  Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

15.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    18.    The parties agree that the Court shall retain jurisdiction of this matter until this

2  Judgment is satisfied.

3   Dated: April 9, 2014                          AUGUST CONSTRUCTION &
                                                   SHORING, INC.
4

5                                          By: _____
                                               Agust Agustsson
6                                              RMO/CEO/President of Defendant

7   Dated: April 9, 2014                         AGUST AGUSTSSON

8                                          By: _____
9                                              Agust Agustsson, Individually

10  Dated: April ___, 2014                        OPERATING ENGINEERS LOCAL
                                                   NO. 3 TRUST FUNDS
11

12                                         By: _____
                                               David E. Hayner
13                                             Collections Manager

14

15  IT IS SO ORDERED.

16  IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

17  retain jurisdiction over this matter.

18

19  Dated: _____, 2014          _____

20                                         UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

1    18.    The parties agree that the Court shall retain jurisdiction of this matter until this

2  Judgment is satisfied.

3    Dated: April ___ 2014

4                                                  AUGUST CONSTRUCTION &
                                                   SHORING, INC.

5                                          By: _____

6                                              Agust Agustsson
                                               RMO/CEO/President of Defendant

7    Dated: April ___ 2014

8                                                  AGUST AGUSTSSON

                                           By: _____

9                                              Agust Agustsson, Individually

10   Dated: April 𝒟 2014

11                                                 OPERATING ENGINEERS LOCAL
                                                   NO. 3 TRUST FUNDS

12                                         By: _____

13                                             David E. Hayner
                                               Collections Manager

14

15   IT IS SO ORDERED.

16   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

17   retain jurisdiction over this matter.

18

19   Dated: _____ 2014

20                                             _____
                                               UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

-9-

AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C13-5132 MMC

1    18.    The parties agree that the Court shall retain jurisdiction of this matter until this

2    Judgment is satisfied.

3    Dated: April __, 2014                              **AUGUST CONSTRUCTION &**
                                                         **SHORING, INC.**
4
5                                          By: _____
                                                Agust Agustsson
6                                               RMO/CEO/President of Defendant

7    Dated: April __, 2014                              **AGUST AGUSTSSON**

8                                          By: _____
9                                               Agust Agustsson, Individually

10   Dated: April __, 2014                              **OPERATING ENGINEERS LOCAL**
                                                         **NO. 3 TRUST FUNDS**
11
12                                         By: _____
                                                David E. Hayner
13                                              Collections Manager

14

15   IT IS SO ORDERED.

16   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall

17   retain jurisdiction over this matter.

18

19   Dated: _April 16_____, 2014        _____
20                                           UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-5132 MMC**

P:\CLIENTS\OE3CL\August Construction and Shoring\Pleadings\Amended Judgment Pursuant to Stipulation 4-8-14.doc